**GREENWOOD GAMING AND ENTERTAINMENT, INC.,**
Petitioner

v.

**COMMONWEALTH of Pennsylvania,**
Respondent.

Commonwealth Court of Pennsylvania.

Argued March 13, 2012.
Decided May 16, 2012.

Robert B. Hoffman, Harrisburg, for petitioner.

Clinton G. Smith, Jr., Senior Deputy Attorney General, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, and McGINLEY, Judge, and LEADBETTER, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge, and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge COHN JUBELIRER.[1]

Petitioner Greenwood Gaming and Entertainment, Inc. (Greenwood) filed exceptions to this Court's Opinion and Order in *Greenwood Gaming and Entertainment, Inc. v. Commonwealth of Pennsylvania,* 23 A.3d 1215 (Pa.Cmwlth.2011), affirming the Board of Finance and Revenue's denial of Greenwood's Petition for Review of Refund for Slots Gross Terminal Revenue (Petition for Review). Greenwood's exceptions were argued before this Court en banc on March 13, 2012. Thereafter, Greenwood filed a Rule 2501 Application to Make Post–Submission Communication (Application) to which the Commonwealth has filed an Answer. We will first address Greenwood's Application.

▮▮▮▮ Rule 2501 of the Pennsylvania Rules of Appellate Procedure permits a party's counsel to notify the Court, after the argument of a case, of an express change in the status of any authority relied upon by that party in their brief which materially affects the status of such authority as an authoritative statement of the law for which it was originally cited. In its Application, Greenwood is seeking to supplement the record in this matter with additional documents, which is well beyond the scope of Rule 2501. (*See* Greenwood's Application at 3 ("Petitioner respectfully requests that it be granted leave to supple-

ment the record and that Exhibits A–C hereto be added to the record in this matter.")) Moreover, even if this Court were to treat Greenwood's Application as a general Application for Relief pursuant to Rule 123 of the Pennsylvania Rules of Appellate Procedure, we decline to permit any supplement to the record at this stage of the proceedings. The documents that Greenwood seeks to add to the record pertain to slot machine tournaments, a form of gaming not currently at issue in this matter. In addition, the provisions of the Pennsylvania Race Horse Development and Gaming Act (Gaming Act), 4 Pa.C.S. §§ 1101–1904, governing slot machine tournaments were not added to the Gaming Act until 2010. *See* Act of January 7, 2010, P.L. 1. Greenwood's Petition for Review involves the 2007 and 2008 tax years. Accordingly, Greenwood's Application is denied.

We now turn to Greenwood's exceptions. Because the exceptions present the same questions and issues addressed by this Court in our earlier opinion, Greenwood's exceptions are overruled, and the Majority opinion of the three-judge panel is adopted as that of the Court en banc.

Judge BROBSON concurs in the result only.

### ORDER

**NOW,** May 16, 2012, Petitioner's Exceptions filed in the above-captioned matter are **OVERRULED.** The Chief Clerk is directed to enter judgment in favor of the Commonwealth of Pennsylvania.

It is further **ORDERED** that Petitioner's Rule 2501 Application to Make Post–Submission Communication is **DENIED.**

---

1. This matter was reassigned to the authoring judge on March 30, 2012.